JUSTICE RICE,
concurring.
¶51 I concur with the Court’s reversal of the judgment under the second, third and fourth issues. However, I also believe Progressive’s motion to dismiss should have been granted as a matter of comity and that reversal for that reason is also warranted.
¶52 Progressive filed a declaratory judgment action in Nevada on May 30, 2006, seeking a determination of whether the policy at issue permits UM stacking. Tenas filed her complaint in Montana District Court for determination of the same issue on June 5, 2006. Not only did Progressive first file its action in a Nevada State Court, but there exists a strong Nevada connection to this case in comparison to the de minimus Montana connection. While comity is a “voluntary decision” to defer to the policy of another state, Simmons, 206 Mont. at 289, 670 P.2d at 1385, it is the conclusion that should have been rendered herein.
¶53 I believe the District Court ignored the numerous factual ties to Nevada. Not only are both Tenas and her mother, Barnes (the named *145 insured), Nevada residents, the insurance policy was contracted for and entered into in Nevada. The vehicles covered by the policy are registered to Barnes in Nevada, were not involved in the accident spurring this litigation, and remain located in Nevada. Additionally, the insurance contract includes a choice of law provision requiring application of Nevada law. The only connection to Montana is that Tenas was injured in Montana while riding as a passenger in a vehicle driven by an uninsured motorist. In fact, the only Montanans affected by the Court’s decision today are the local Montana lawyers.
¶54 The strong Nevada bond with this case combined with priority jurisdiction presents an appropriate situation whereby we should defer to Nevada’s judgment. Failure to do so in these situations will only strain the relationship with our sister state and potentially jeopardize the rights of Montanans who may be placed in a similar situation in Nevada. The refusal to recognize comity in this case does little more than impinge on Nevada policy and disrupts the harmonious interstate relations which we should seek to preserve as necessary to the operation of cooperative federalism. See Simmons, 206 Mont. at 289, 670 P.2d at 1385.
CHIEF JUSTICE GRAY and JUSTICE WARNER join in the concurrence of JUSTICE RICE.